**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HENRY ANDREE WINZER,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:15-CV-1469-B** |
| | ) | |
| **KEITH WHEELER, ET AL.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.      Background**

Plaintiff is a state prisoner and is proceeding *pro se.* He filed this complaint pursuant to 42 U.S.C. § 1983, and the Court has granted him leave to proceed *in forma pauperis.* Defendants are Kaufman Police Officers Keith Wheeler and Joseph C. Jones, and Kaufman County Jail Officers Miller, Brewer, Tudor, Martin, Hunter and Cabealis. The Court has not issued process pending judicial screening.

Plaintiff claims Officer Wheeler used excessive force when the officer arrested him on or about April 27, 2013. Plaintiff states Officer Jones filed a false police report and falsely claimed that Plaintiff bit him and fought with officers during his arrest.

Plaintiff claims Jail Officers Miller, Brewer, Tudor, Martin, Hunter and Cabealis used excessive force against him while he was incarcerated in the Kaufman County Jail. Plaintiff lists four incidents of excessive force that he claims occurred between April 17, 2013 and July 1, 2014. He seeks money damages, a criminal investigation and a formal apology.

## II.    Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil
> action in which a prisoner seeks redress from a governmental entity or officer or
> employee of a governmental entity [and] [o]n review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)
> seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing

fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds

that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A

complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490

U.S. 319, 325 (1989).

## III.    Discussion

### 1.    *Heck v. Humphrey*

Plaintiff's claims against Officers Wheeler and Jones are barred the Supreme Court's

decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Heck holds that a prisoner cannot bring a §

1983 action challenging his conviction or confinement unless and until the reason for his

continued detention has been reversed on direct appeal, expunged by executive order, or

otherwise declared invalid by a state tribunal or federal court.  The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 486-87.  If so, the claim is barred.  *Id*.

Plaintiff claims Officer Wheeler used excessive when arresting him and that Officer Jones filed a false police report that Plaintiff fought with officers during his arrest.  Plaintiff was convicted of aggravated assault of a public servant.  (Magistrate Judge's Second Questionnaire, Answer No. 1.)  Plaintiff's claims would necessarily imply the invalidity of his conviction. Plaintiff's conviction, however, has not been declared invalid by a state tribunal or federal court. (Magistrate Judge's Questionnaire, Answer No. 2.)  Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**2.    Jail Officers**

Plaintiff alleges jail officers at the Kaufman County Jail used excessive force against him. To prevail on an excessive force claim, a pretrial detainee must show that officers purposely or knowingly used force against him that was objectively unreasonable.  *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S.Ct. 2466, 2473 (2015).  To determine whether the use of force was objectively unreasonable, a court should consider the following factors: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made to temper or limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the defendant and (6) whether the plaintiff was actively resisting.  *Id*.

### A.      Cutting Plaintiff's Nails

Plaintiff's first two claims of excessive force involve the clipping of Plaintiff's
fingernails.  Plaintiff states he objected to his nails being cut.  In the first incident, Plaintiff states
he was "subjected to forceful removal of my fingernail bound in restraint."  He provides no other
information about this incident.  In the second incident, Plaintiff states he refused to allow
officers to cut his nails and was placed in a belt cuff and was told officers would forcibly cut his
nails.  He states Officer Cabealis told Plaintiff he would personally cut Plaintiff's nails to avoid
the use of force.  Plaintiff then allowed Officer Cabealis to cut his nails.  Plaintiff's claims fail to
establish a violation of his constitutional rights.  Although the Court ordered Plaintiff to provide
all facts regarding his claims, the facts Plaintiff alleges regarding the first use of force incident
fail to establish that use of a restraint to cut Plaintiff's fingernails was objectively unreasonable.
As to Plaintiff's second claim of excessive force, he states that after he allowed Officer Cabealis
to cut his nails, no force was used.  These claims should be dismissed.

### B.      Remaining Claims

Plaintiff claims officers also used excessive force when he refused to take off his uniform
and provide it to the officer who was collecting dirty laundry.  Plaintiff states his uniform did not
need to be laundered, and he refused to take his uniform off.  Plaintiff claims officers told him to
lie on the floor so they could take his uniform off.  Plaintiff states he laid on his back with his
hands behind his head.  He states officers tried to turn him over onto his stomach and that they
tased him, took him to a rubber room that had no toilet or bed, put him in a restraint chair, took
off his uniform and left him without food or water until the next day.  Plaintiff states he suffered
a leg burn due to the taser and appears to claim he suffered scrapes and injuries to his previously

dislocated shoulder.

Plaintiff also claims officers used excessive force when he refused to leave his cell so it could be cleaned.  Plaintiff states the cell did not need to be cleaned because he had already cleaned it.  He claims officers forcibly removed him from cell, which caused him to suffer scrapes to his knees and elbows, bleeding to his mouth that left a visible scar and injuries to his previously dislocated shoulder which caused him numbness and pain.

Without suggesting a view as to whether dismissal may be proper in a different procedural context, the Court concludes Plaintiff has alleged enough facts to survive summary dismissal at this stage of the proceedings.  The Court therefore finds these claims should be served.

## IV.    Recommendation

The Court recommends that: (1) Plaintiff's claims against Officers Wheeler and Jones be dismissed with prejudice until the *Heck* conditions are met, and (2) Plaintiff's claims of excessive force regarding the cutting of his nails be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2); and (3) Plaintiff's remaining claims of excessive force be served.

Signed this 5th  day of January,  2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).