UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HENRY ANDREE WINZER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:15-CV-1469-B (BT) |
| § | |
| STEPHEN TUDOR, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed this *pro se* prisoner civil rights action on April 22, 2015 alleging that several Kaufman County police officers used excessive force against him in connection with an April 27, 2013 arrest and subsequent incarceration at the Kaufman County Jail. Three officers named by Plaintiff as defendants, Officers Miller, Cabealis, and Brewer, have never been properly served. The U.S. Marshal's Proofs of Service for these individuals state that the summons for each officer was returned unexecuted, because the named defendants did not work at the Kaufman County Jail at the time the U.S. Marshal attempted service. In order to assist Plaintiff in obtaining proper service, the Court ordered counsel for the officers who have been served to provide the Court with any information Defendants have as to where Officers Miller, Cabealis, and Brewer are presently employed and/or may be served. *See* Order 1 [ECF No. 35]. On June 1, 2018, Defendants filed their Status Report Regarding Unserved Individuals which

1

states that, despite extensive inquiries, Defendants found no further information that would assist the Court in the service of Officers Miller, Cabealis, and Brewer. *See* Report 1-2 [ECF No. 36]. The Court ordered Plaintiff to file a report by July, 13, 2018, stating whether Plaintiff seeks to continue pursuing his claims against Officers Miller, Cabealis, and Brewer, and providing the Court with any information that may assist in identifying and serving these officers. *See* Order [ECF No. 37]. The Court advised Plaintiff that, if Plaintiff failed to comply with the Court's Order, the Court would make a recommendation to the District Court that Plaintiff's claims against these officers be dismissed without prejudice. *See* Order [ECF No. 37].

On July 13, 2018, Plaintiff filed a response to the Court's Order, in which he asserts he wants pursue his claims against Officers Miller, Cabealis, and Brewer. However, Plaintiff did not provide the Court with any additional information that could be used to identify or effect service on these individuals. *See* Resp. [ECF No. 41]. Instead, Plaintiff proposes that the Court wait to dismiss his claims against Officers Miller, Cabealis, and Brewer until after he has an opportunity to challenge the fee for obtaining a response to a "Request for Public Information Records" he apparently served on the Custodian of Records for the Kaufman County Sheriff's Office seeking the same information the Court requested from defense counsel.

Plaintiff, as the party who initiated this litigation, is primarily responsible for the progress of this case. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)

("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975))). Plaintiff has not provided the Court with basic information necessary to serve Officers Miller, Cabealis, and Brewer. The litigation cannot proceed against these individuals without additional information about their identities and where they can be served. Because it has been over three years since the filing of this lawsuit and Officers Miller, Cabealis, and Brewer still have not been served, Plaintiff's claims against these officers should be dismissed without prejudice under Rule 41(b). *See Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) ("A district court may *sua sponte* dismiss an action for failure to prosecute under Rule 41(b)." (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); FED. R. CIV. P. 41(b))).

## RECOMMENDATION

The District Court should **DISMISS without prejudice** Plaintiff's claims against Officers Miller, Cabealis, and Brewer.

SO RECOMMENDED.

July 20, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).